IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKEY WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV-21-376-R |
| ) | |
| OKLAHOMA COURT OF CRIMINAL ) | |
| APPEALS, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner filed a "Petition for Writ of Mandamus" citing Rule 32(c)(2).[1] Therein he asks the Court to direct the Oklahoma Court of Criminal Appeals to give him a new direct appeal and vacate and remand the judgment and sentence following his conviction for first degree murder. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On May 11, 2021, Judge Purcell issued a Report and Recommendation wherein he recommended that the action be dismissed with prejudice.[2] To the extent Petitioner seeks a writ of habeas corpus, Judge Purcell recommends that the action be dismissed without prejudice for lack of jurisdiction because any such petition would be successive, Mr. White having previously sought habeas relief with regard to the same conviction. *See* 28 U.S.C. § 2244(b)(3)(A).[3]

---

[1] Rule 32 of the Federal Rules of Civil Procedure addresses the use of deposition in court proceedings, not mandamus.

[2] The relief sought by Petitioner in the nature of a writ of mandamus is denied. This Court lacks the jurisdiction to issue such a writ to "direct state courts or their judicial officers in the performance of their duties." *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (quoting *Haggard v. State of Tennessee,* 421 F.2d 1384, 1386 (6th Cir.1970)). However, in light of the liberal construction granted to pro se litigants pursuant to *Haines v. Kerner*, 404 U.S. 519, 520.(1972), and because the motion seeks relief from a state criminal conviction, the Court finds that the motion should be construed as having been filed pursuant to 28 U.S.C. § 2254.

[3] Petitioner has made numerous attempts to challenge his 1983 murder conviction from the District Court of Choctaw County in both this District and the Eastern District of Oklahoma as set forth in the Report and Recommendation.

The record reflects that Petitioner has not made a timely objection to the Report and Recommendation nor has he filed a motion seeking an extension of time in which to object. The Court hereby ADOPTS the Report and Recommendation to the extent that it construes the Petition for Writ of Mandamus as seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 and recommends dismissal of the same as second or successive.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484. Upon consideration, the Court finds the requisite standard is not met in this case and therefore a COA shall not issue.

For the reasons set forth herein, the Petition for Writ of Mandamus is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is dismissed as second or successive. Petitioner filed a "Motion for New Trial or Evidentiary Hearing Because of Insufficient of Evidence by the Murder Weapon 22 Caliber Rifle No Fingerprint Taken" (Doc. No. 9) and a "Motion for New Direct of Appeals on Petitioner Criminal Case Because Insufficient Ballistics Evidence Shotgun" (Doc. No. 10). Both motions are DENIED as they are simply additional methods by which Petitioner seeks to challenge his 1983 state court conviction.

Finally, because this Court concludes this case should be construed as a § 2254 rather than an action seeking mandamus relief, the filing fee is $5.00 rather than the $400.00 set forth in the Magistrate Judge Purcell's April 22, 2021 Order. The Clerk is hereby directed to refund to Mr. White $22.87, the difference between his initial partial filing fee and the $5.00 filing fee. Additionally, the facility where Petitioner is currently housed should be provided a copy of this Order by the Clerk and the facility is relieved of its obligation to send additional funds from Mr. White's account as set forth in the April 22, 2021 Order.

**IT IS SO ORDERED** this 9th day of June 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE