# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKEY WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-21-376-R |
| | ) |
| OKLAHOMA COURT OF CRIMINAL APPEALS, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is the objection to the Report and Recommendation filed by Petitioner on June 25, 2021. The Court previously adopted the Report and Recommendation, but on June 21, 2021 the Court vacated its June 9, 2021 Order upon receipt of a filing by Petitioner indicating that he had not received the Report and Recommendation. The Court entered an Order on June 21, 2021 granting Petitioner additional time in which to object and provided him with a copy of the Report and Recommendation. The current objection appears to have been sent by Petitioner prior to his receipt of the Court's June 21, 2021 Order, which he filed after he was forwarded the Report and Recommendation from the facility to which it was erroneously mailed. Regardless, the Court considers the merits of Petitioner's objection to the Report and Recommendation utilizing the *de novo* review standard.

First, the Court notes that Petitioner does not challenge Judge Purcell's conclusion that a writ of mandamus is not proper nor does he challenge Judge Purcell's conclusion that this case is appropriately brought pursuant to 28 U.S.C. § 2254, because Petitioner is

challenging his state conviction. Furthermore, Petitioner does not challenge the conclusion set forth in the Report and Recommendation that, if construed as a § 2254, the petition is second or successive. He requests, however, that the Court exercise its discretion under 28 U.S.C. § 1631 to transfer the petition to the Tenth Circuit Court of Appeals for consideration of whether he should be permitted to file a second or successive permission as required by 28 U.S.C. § 2244(b)(3)(A).

The Court declines to transfer this action to the United States Court of Appeals for the Tenth Circuit. Petitioner has previously availed himself of the procedures for seeking permission from the United States Court of Appeals for the Tenth Circuit, which has declined to grant him leave. He is clearly aware of the procedure for seeking relief, as evidenced by the numerous challenges to his conviction set forth by the Magistrate Judge in the Report and Recommendation. If Petitioner desires to seek permission in accordance with § 2244(b)(3)(A), he may proceed directly in the appeals court, but this Court will not transfer the motion for the reasons set forth in the Report and Recommendation.

For the reasons set forth herein, the Court adopts the Report and Recommendation, construes this action as having been filed pursuant to 28 U.S.C. § 2254, dismisses this case for lack of jurisdiction as second or successive, and declines Petitioner's request to transfer his case to the appellate court. Finally, Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny of Certificate of Appealability upon entering a final adverse order. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the

2

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a Certificate of Appealability. *Id*. at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 1st day of July 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE